**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116462

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Cindy Ryu, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Optio Solutions LLC d/b/a Qualia Collection Services,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Cindy Ryu, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Optio Solutions LLC d/b/a Qualia Collection Services (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Cindy Ryu is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Optio Solutions LLC d/b/a Qualia Collection Services, is a California Limited Liability Company with a principal place of business in Sonoma County, California.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated July 12, 2018. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692g
### False or Misleading Representations

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication

with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

20. The question of whether a written notice adequately provides "the amount of the debt" is determined from the perspective of the "least sophisticated consumer."

21. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

22. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

23. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

25. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt," violative of 15 U.S.C. § 1692g(a)(1).

26. Even if a debt collector accurately conveys the foregoing information, the written notice nevertheless violates 15 U.S.C. § 1692g(a)(1) if the least sophisticated consumer could inaccurately interpret the message.

27. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

29. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

30. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

31. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably

3

susceptible to an inaccurate reading by the least sophisticated consumer.

32. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees.

33. The amount of the debt is a material piece of information to a consumer.

34. Knowing the amount of the debt affects how a consumer responds to a debt collector's attempts to collect the debt.

35. The Debt was incurred on a credit card.

36. The credit card accrued interest.

37. The credit card accrued late fees.

38. Pursuant to the terms and conditions of the credit card, interest accrued on all balances carried.

39. Pursuant to the terms and conditions of the credit card, late fees accrued on all late and missed payments.

40. The Letter provides:

**ACCOUNT SUMMARY**

| | |
|---|---|
| Original Creditor: | Capital One N.A. |
| Creditor: | Capital One N.A. |
| RE Your Kohl's Credit Card Account #: | ******5815 |
| Agency Account #: | 2798466 |
| Principal: | $930.02 |
| Fees: | $245.00 |
| Interest: | $159.89 |
| Balance Due: | $1,334.91 |
| Settlement Amount: | $667.46 |
| *Additional Information* | |
| Amount of Debt at Charge-Off: | $1,334.91 |
| Total Interest Since Charge-Off: | $0.00 |
| Total Fees Since Charge-Off: | $0.00 |
| Total Payments Since Charge-Off: | $0.00 |

41. The Letter fails to disclose whether the amount stated may increase due to additional interest.

42. The Letter fails to disclose whether the amount stated may increase due to additional fees.

43. The listing of "Interest" implies that interest may accrue.

44. The listing of "fees" implies that fees may accrue.

45. The least sophisticated consumer could reasonably read the Letter to mean that the amount stated was static.

4

46. The least sophisticated consumer could also reasonably read the Letter to mean that the amount stated was dynamic due to the continued accumulation of interest and/or fees.

47. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

48. Because the Letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

49. The Letter, for the aforementioned reasons, violates 15 U.S.C. §§ 1692g and 1692e. *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004).

## SECOND COUNT
### Violation of 15 U.S.C. § 1692f
### Unlawful Fee

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

52. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

53. Defendant's letter sets forth a "Fee" of $245.00

54. Such fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

55. Such fee is prohibited by 15 U.S.C. § 1692f(1).

## THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False Representation as to Unlawful Fee

56. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

58. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

5

59. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

60. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a fee.

61. The least sophisticated consumer would likely be deceived by the fee language into believing that Defendant was legally entitled to collect the fee.

62. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

63. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692g

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

66. The written notice must contain the amount of the debt.

67. The written notice must contain the name of the creditor to whom the debt is owed.

68. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

69. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

70. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name

6

and address of the original creditor, if different from the current creditor.

71. 15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

72. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

73. A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

74. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

75. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

76. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

77. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

78. While the Letter contains the validation language required by 15 U.S.C. § 1692g, such is located in the body of the letter.

79. The Letter provides: **"SEE REVERSE SIDE FOR IMPORTANT INFORMATION."** (Emphasis added.)

80. The validation language required by 15 U.S.C. § 1692g is NOT located on the reverse side of the Letter.

81. The format of the Letter directs the readers attention away from the validation language required by 15 U.S.C. § 1692g.

82. While other information in the Letter is set forth conspicuously, the § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading it.

83. While other information in the Letter is set forth conspicuously, the § 1692g

7

rights are positioned in such a way to encourages the least sophisticated consumer to believe that the language is unimportant.

84. While other information in the Letter is set forth conspicuously, the § 1692g rights are positioned in such a way that it discourages the least sophisticated consumer from reading them.

85. While other information in the Letter is set forth conspicuously, the § 1692g rights are positioned and deemphasized in such a way that it discourages the least sophisticated consumer from exercising her rights.

86. The format of the Letter overshadows the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

87. The format of the Letter overshadows the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

88. The format of the Letter overshadows of the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

89. The format of the Letter is inconsistent with the consumer's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

90. The format of the Letter is inconsistent with the consumer's right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

91. The format of the Letter is inconsistent with the consumer's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b).

## **CLASS ALLEGATIONS**

92. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter substantially similar to the Letter herein, from one year before the date of this Complaint to the present.

93. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

94. Defendant regularly engages in debt collection.

95. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter substantially similar to the Letter

herein.

96. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

97. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

98. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

99. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

9

     e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

     f.   Grant Plaintiff's costs; together with

     g.   Such other relief that the Court determines is just and proper.

DATED: March 31, 2019

                       **BARSHAY SANDERS, PLLC**

                       By: _/s/ *Craig B. Sanders* _____
                       Craig B. Sanders, Esq.
                       100 Garden City Plaza, Suite 500
                       Garden City, New York 11530
                       Tel: (516) 203-7600
                       Fax: (516) 706-5055
                       csanders@barshaysanders.com
                       *Attorneys for Plaintiff*
                       Our File No.: 116462